

Honorable Linda B. Riegle
United States Bankruptcy Judge

**Entered on Docket**
**March 21, 2013**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

* * * * * *

| | | |
|---|---|---|
| In re:  **CAROL LEE GORDON** ) | BK-S-11-22221-LBR | |
| ) | Chapter 13 | |
| ) | Adv.: 12-1239-LBR | |
| Debtor(s) ) | | |
| CAROL LEE GORDON, ) | DATE: N/A | |
| ) | TIME: N/A | |
| Plaintiff ) | | |
| vs. ) | | |
| BANK OF AMERICA, N.A., ) | | |
| Defendant(s) ) | | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

The plaintiff has filed an adversary proceeding on the primary basis of the alleged preclusive effect of an order sustaining its amended objection to Bank of America's proof of claim 4-1.[1] A motion for default judgment has now been filed by the plaintiff. This court hereby denies entry of a default judgment because the underlying order upon which the complaint is based has

---

[1] "Order Sustaining Debtor's Amended Objection to Proof of Claim Filed By Bank of America," Dkt. #59 in BK-S-11-22221.

1

been vacated by this court, and because of a multitude of defects both with the complaint and with the service of it.

### *Sufficiency of the Complaint*

A plaintiff is not entitled to a default judgment simply because the defendant has failed to answer. *See In re Meyer*, 373 B.R. 84, 88 (B.A.P. 9th Cir. 2007). The facts alleged in the complaint must be sufficient to establish liability in order for a default judgment to be entered. *See In re McGee*, 359 B.R. 764, 771 (B.A.P. 9th Cir. 2006).

The complaint in this adversary is primarily based on the preclusive effect of an order sustaining the debtor's objection to claim. However, that order has been vacated since the complaint was filed.[2] It thus has no preclusive effect.

Furthermore, the allegations in the complaint are not sufficient to establish a claim. The allegations in paragraphs eight and nine merely allege what it was that the plaintiff denied or stated *in another document* – namely, her "Amended Declaration in Support of Debtor's Amended Objection to Bank of America's Proof of Claim" that was filed in the bankruptcy case. Allegations of what was said *in another document* are not sufficient to establish a claim. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of No. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### *Ineffective Service of the Complaint*

Moreover, there are a number of defects in service. First, the certificate of service for the complaint shows that service was made by first class mail upon attorneys Dean Prober, Esq. and Gregory Wilde, Esq., "pursuant to Fed. R. Bankr. P. 7004(h)(1)." Service was not made by certified mail addressed to an officer of Bank of America in accordance with Rule 7004(h). In her

---

[2]BK-S-11-22221, Dkt. #82 ("Order Vacating "Order Sustaining Debtor's Amended Objection To Claim Filed By Bank of America").

2

motion for default judgment, the plaintiff argues that both Mr. Prober and Mr. Wilde represent Bank of America "in the case associated to this adversary proceeding."[3] Apparently, the plaintiff contends that service on the attorneys is sufficient under Rule 7004(h)(1) because they have "appeared" for Bank of America in the underlying bankruptcy case.

FED. R. BANKR. P. 7004(h)(1) allows service on a bank's attorney by first class mail *when the bank has appeared by its attorney.*[4] The plaintiff has made no showing that either Mr. Prober or Mr. Wilde have appeared for Bank of America in the bankruptcy case. Indeed, the record shows otherwise.

The extent of Mr. Prober's activity has been to file Claim 4-1 and a request for special notice.[5] The request for special notice says this:

> It is hereby requested that copies of any documents, pleadings or

---

[3] Dkt. #10, p. 3, lines 14-19.

[4] FED. R. BANKR. P. 7004(h) states:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless–
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

[5] BK-S-11-22221, Dkt. #25.

3

orders for which claimant Bank of America, N.A., its assignees and/or successors in interest, is entitled to service or notice, also be sent to the agent for Bank of America, N.A., its assignees and/or successors in interest, addressed as follows:

> Prober & Raphael, A Law Corporation
> 20750 Ventura Boulevard, Suite 100
> Woodland Hills, California 91364
>
> By /s Dean R. Prober
> DEAN R. PROBER, ESQ. CA BAR #106207
> As Agent for Bank of America, N.A.

Attorney Prober's request for *copies* of documents and pleadings "for which claimant Bank of America . . . is entitled to service or notice" and his filing of the proof of claim is not sufficient to show that he has "appeared" for Bank of America sufficient to satisfy Rule 7004(h)(1).

The extent of Mr. Wilde's activity in the case has been relative to Claim 3-1, which is real property located on Sugarloaf Peak Street. That property is not at issue in this adversary proceeding.[6] The property at issue in this adversary is located on Riva de Destino Avenue.[7] While Mr. Wilde also filed a request for special notice, that is not sufficient proof that he has "appeared" for Bank of America pursuant to Rule 7004(h)(1).

Nor has the plaintiff offered anything to show that either Mr. Prober or Mr. Wilde have authority, either express or implied, to accept service of process on behalf of Bank of America. "The litigant attempting to effect service is responsible for proper service and bears the burden of proof." *In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004).

Second, even if the attorneys had appeared sufficient to satisfy Rule 7004(h), or had authority, express or implied, to accept service, the certificate of service for the complaint (Dkt.

---

[6]Mr. Wilde filed an objection to confirmation relative to the Sugarloaf Peak Street property, which was the subject of Claim 3-1, and then withdrew Claim 3-1.

[7]Complaint at ¶7.

#6) shows that the plaintiff sent mailings to the attorneys at incorrect addresses. Mr. Wilde lists his address in his request for special notice,[8] the objection to confirmation,[9] and the withdrawal of claim #3-1[10] as "212 South Jones Boulevard," yet the plaintiff mailed the complaint to Mr. Wilde at "***208*** South Jones Blvd." Similarly, Mr. Prober lists his office number as "Suite 100" in his request for special notice,[11] yet the plaintiff mailed the complaint to "Suite ***110***."

### *Lack of Evidence*

The Federal Rules of Evidence apply in bankruptcy adversary proceedings pursuant to FED. R. BANKR. P. 9017. The plaintiff, however, has supplied no affidavit, documents or other admissible evidence in support of the motion for default judgment. A court has broad discretion to require a plaintiff to prove its case with competent, admissible evidence. *In re McGee*, 359 B.R. 764, 775 (B.A.P. 9th Cir. 2006).

### *Default Judgment Factors*

Factors which may be considered by courts in exercising its discretion to enter a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir.1986). Here, nearly all of those factors are relevant. The defendant has not been properly served, rendering its failure to answer excusable (factor six) and making the entry of a default judgment against it

---

[8] BK-S-11-22221, Dkt. #42.

[9] BK-S-11-22221, Dkt. #24.

[10] BK-S-11-22221, Dkt. #38.

[11] BK-S-11-22221, Dkt. #25.

5

prejudicial (factor one) given the failure to satisfy due process. Furthermore, as explained above, the allegations in the complaint are insufficient (factor three) and the merits of the complaint are insufficient (factor two) because it relies on the preclusive effect of an order that has been vacated. Given the strong policy favoring decisions on the merits, and the due process concerns given the insufficient service, these factors militate to a denial of the motion.

Accordingly, the motion for default judgment is denied without prejudice.

**IT IS SO ORDERED**.

Copies noticed through ECF to:

   JEFFREY J WHITEHEAD jeff@whiteheadlaw.org
   GREGORY L. WILDE nvbk@tblaw.com
   RICK A. YARNALL ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

Copies noticed through mail to:

BANK OF AMERICA, N.A.
BANKRUPTCY DEPARTMENT
P.O. BOX 26012, NC4-105-02-99
GREENSBORO, NORTH CAROLINA 27420

CAROL LEE GORDON
644 VIA LINDA CT
LAS VEGAS, NV 89144

DEAN PROBER, ESQ.
20750 VENTURA BLVD.
SUITE 100
WOODLAND HILLS, CA 91364